

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Campbell K. Ford
County Attorney
San Saba County
San Saba, Texas

Dear Sir:

Opinion No. 0-3888

Re: Is it lawful to use
seines or nets with
meshes of not less than
one inch square in taking
or catching suckers, buf-
falo, corp, shad, or gar
in the fresh waters of
San Saba County, Texas?

We have considered carefully your request for our
opinion on questions contained in your letter of August 22,
1941. We quote your letter:

"The question has arisen in this county as
to whether or not it is lawful to use seines or
nets with meshes of not less than one inch square
in taking or catching suckers, buffalo, carp, shad
or gar in the fresh waters of San Saba County,
Texas.

"Under Art. 952L-1, Sec. 1, P. C., it is a
violation to fish for, take, or attempting to
catch any fish in any of the public waters or
tributaries of such waters in various counties,
including, San Saba County, by any method other
than by ordinary pole and line, set line or throw
line equipped with more than two hooks, except in
the Colorado River; and exempting artificial lures.
This article does not contain a repealing clause
and is as amended in and by Acts 1933, 43rd Leg.
Spec. L., p. 7, ch. 6.

"However under article 952L-7, sec. 1, any and all persons shall be permitted to take or catch suckers, buffalo, carp, shad or gar during the months of July, August, September and October in any of the fresh waters of Bosque, etc., including San Saba County, with a seine or net, the meshes of which shall be not less than one inch square. This article does not contain a repealing clause, and was amended so as to leave out Comanche County by the last legislature.

"Then in Article 978 L, Sec. 2, it is unlawful to take from the fresh waters of San Saba County any bass, crappie, perch, catfish, or any other fish taken from the fresh waters in various counties including San Saba County, other than by ordinary pole and line or throw line equipped with not more than two hooks, exempting artificial lure. This article does contain a repealing clause, and was passed by Acts 1933, 43rd Leg., Spec. L., p. 77, ch. 61.

"The second question in connection with the game laws is whether or not it is lawful to sell, offer to sell, have for sale, or catch for sale any bass, crappie, perch, catfish in the County of San Saba.

"Article 952 L-1, sec. 2, reads as follows:

"It shall be unlawful in the Counties of San Saba, etc., to sell, offer for sale, or have in possession for the purpose of sale any black bass, crappie, catfish, or sun fish, commonly called perch.

"Under Article 978 L, Sec. 1, which reads as follows:

"It shall be unlawful for any person, firm, or corporation or their agent, to barter or sell or offer for barter or sale, or to buy any bass, crappie, perch, catfish, or any other fish taken from the fresh waters in the Counties of San Saba,

Gillespie, Kerr, Comal, Llano, Mason, Kimble,
Edwards, Sutton and Real.

"This latter article contains a repealing
clause. Question is whether or not out of state
fish or fish caught in waters other than in the
Counties above enumerated can be lawfully sold
in San Saba County."

(The article referred to in the third paragraph of
your letter is Article 952L-7, instead of Article 972L-7, and
we have taken liberty of correcting the typographical error.)

We cannot agree with your interpretation of the mean-
ing of Article 978L, Section 2. The first two sections of this
article are as follows:

"Sec. 1. It shall be unlawful for any
person, firm, or corporation or their agent,
to barter or sell or offer for barter or sale,
or to buy any bass, crappie, perch, catfish,
or any other fish taken from the fresh waters
in the Counties of San Saba, Gillespie, Kerr,
Comal, Llano, Mason, Kimble, Edwards, Sutton
and Real.

"Sec. 2. It shall be unlawful for any
person to take from the fresh waters of the
above named counties any of the fish above
enumerated by any means or device other than
by ordinary pole and line or throw line equipped
with not more than two hooks, provided, however,
that it shall be lawful to fish with a dowagiac,
or other artificial bait equipped with more than
two hooks, and provided further that a person
may use a minnow seine which is not more than
twenty(20) feet in length for the purpose of
catching minnows for bait. No person shall use
the minnow seine herein permitted for the pur-
pose of taking any fish other than minnows for
bait."

Thus it will be seen that the prohibitions contained
in Section 2 of Article 978L (excepting, of course, that referr-
ing to the use of minnow seines) do not apply to any fish except
bass, crappie, perch and catfish, those being the only fish "above
enumerated." (Webster's New International Dictionary).

This leaves us the problem of construing Article 952L-7, Section 1 in connection with Article 952L-1, Section 1, and also Article 955, Penal Code, 1925, which provides in part as follows:

> "* * *. No person shall take or catch any fish in the fresh water rivers, creeks, lakes, bayous, pools or lagoons in the Counties above named by any other means than by ordinary hook and line or trot line or artificial bait, and no person shall place in the fresh water rivers, creeks, lakes, bayous, pools or lagoons of the counties above mentioned, any seine, net or other device, or trap for taking or catching fish; provided, however, that persons may use a minnow seine which is not more than twenty feet in length for the purpose of catching minnows for bait; or a net, the meshes of which are not less than three inches for the purpose of catching carp and suckers in the Colorado River. * * *."

The above quoted portion of Article 955 is found in that Act as codified in 1925, and has been retained since.

Article 952L-1, Section 1, was first enacted in 1929 (Acts 1929, 41st Leg., Reg. Ses., p. 442, ch. 202), and had been amended five (5) times by the end of February, 1933. As amended the next to the last time (Acts 1931, 42nd Leg., 1st C. S., p. 5, ch. 3), it reads "not more than two hooks" (Underscoring ours). As amended the last time (Spec. L. of Tex., 1933, 43rd Leg., Reg. Ses., p. 7, ch. 6), it reads "more than two hooks," the word "not" before "more" being omitted. There is nothing in the caption of this last amendatory Act to indicate that such an omission was intended by the Legislature. In fact, the amendment of 1933, so written, does not make sense as a conservation law, and conservation is the evident sole purpose of it. In such case, the omitted word "not" should be supplied, to give effect to the plain intent of the Legislature. 39 Texas Jurisprudence 185; 3 A.L.R. 404, note; Gustavel v. State, 153 Ind. 613, 54 N.E. 123.

Article 952L-7, Section 1, was first enacted in 1931, (Spec. L. of Texas, 1931, 42nd Leg., Reg. Ses., p. 194, ch. 90).

Hence it will be seen that it is a later expression of the legislative will than either Article 952L-1, Section 1, or Article 955. As such, it would be controlling in the matters to which it relates, even if it had no repealing clause (which it has). 39 Texas Jurisprudence 253-257; Bishop vs. Houston Independent School Dist., 29 S. W. (2d) 312, 35 S. W. (2d) 465; Griffin vs. City of Waxahachie, 276 S. W. 201; Frost vs. Wenie, 157 U. S. 58. It should be noted, however, that this article applies only during the months of July, August, September and October, and only to suckers, buffalo, carp, shad and gar.

We see no conflict between Article 952L-1, Section 2, and Article 978L, Section 1. The first prohibits the sale, offering for sale, etc., in San Saba County, of the fish named no matter where caught. The second prohibits the barter, sale, etc., in San Saba or any other county, of any fish taken from the fresh waters in any of the named counties. The fine for violation of the first is $10.00 to $50.00; for violation of the second, $5.00 to $100.00.

It is our opinion that the use of seines or nets with meshes of not less than one inch square in taking suckers, buffalo, carp, shad or gar in the fresh waters of San Saba County during the months of July, August, September and October is lawful, and that at all other times it is unlawful.

We are further of the opinion that the sale of black bass, crappie, catfish or sunfish ("commonly called perch") in San Saba County is unlawful, no matter where such fish may have been caught.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By W. R. Allen

W. R. Allen
Assistant

APPROVED OCT 18, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

WRA:RS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN